UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
GREGORY J. LAUREANNO,                *
                         Plaintiff   *
   v.                                *
                                     *   C.A. NO.  04-11592 RCL
THEODORE WILLIAM BACALIS             *
                         Defendants  *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**Initial Disclosures by the Plaintiff Pursuant to Rule 26(a)(1)(A-D)**

Now comes the Plaintiff and makes his initial disclosure pursuant to Rule 26(a)(1)(A-D) of the Federal Rules of Civil Procedure.

**(A)   The Names of Individuals Likely To Have Discoverable Information**

1. Gregory Laureanno, Somerset, Massachusetts;
2. Theodore W. Bacalis;
3. Deaton, Inc.;
4. Barry M. FitzGibbons, Police Officer;
5. Medical Care Providers as are described in the records and bills which have all have already been provided:
    a. Fall River Ambulance
    b. Charlton Memorial Hospital
    c. Christopher Lebo, M.D.
    d. Maurice A. Berard, M.D.
    e. Ronald P. Hantman, M.D.
    f. U-T Radiology
    g. Braintree Rehabilitation Hospital
    h. New England Baptist Hospital
    i. Fall River/New Bedford Regional MRI
    j. Brooks Pharmacy
    k. CVS Pharmacy
    l. Walgreen's Pharmacy
    m. N.E.B. Radiology, P.C.

**(B) Documents, Data, and Tangible Things in the Possession of the Plaintiff.**

1. Medical, hospital, and, health care records and bills have been produced to the Defendant, herewith.

2. Additional medical, hospital, and, health care records and bills will be produced to the Defendant or his counsel as they are received by Plaintiff's counsel.

**(C)     Computation of Damages.**

1. The computation of damages at this point in time is incomplete insofar as the Plaintiff is not yet at an end medical result as he is actively treating for his injuries.

2. The medical, hospital, and other health care expenses, all of which have been produced to the Defendant in the form of a spreadsheet, total $37,640.73. Future medical expenses are undetermined and will be identified as they are learned.

3. Diminution of earning capacity has not yet been determined and the Plaintiff reserves his right to supplement this information.

4. Plaintiff has claims for unliquidated damages elements including, but not limited to, disfigurement, loss of enjoyment of life, loss of function-permanent impairment of his low back, and pain and suffering.

**(D)     Insurance Agreement / Insurance Coverage.**

1. Plaintiff recovered $8,000 in so-called P.I.P. benefits from his motor vehicle insurance policy.

2. The Defendant is believed to be insured to limits of $1,000,000.

> Respectfully submitted,
> The Plaintiff,
> by his attorney,
>
> *William E. McKeon*
> William E. McKeon, Jr., Esq.
> B.B.O. # 336510
> Ten North Main Street
> Fall River, Massachusetts 02720
> 508/677-4424

Dated: September 29, 2004

- 2 -

- 3 -

## CERTIFICATE OF SERVICE

I, William E. McKeon, Jr., Esq. hereby certify that this document was served on all counsel of record this day, September 29, 2004, by First Class U.S. mail, postage prepaid.

*William E. McKeon*
William E. McKeon, Jr., Esquire